IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAURA WYNNE,

      Petitioner,

v.                                                  Civil Action No. 1:12cv17
                                                  (Judge Keeley)

WARDEN AT SFF HAZELTON,

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 23, 2012, the *pro se* petitioner, Laura Wynne, an inmate at Secure Female Facility Hazelton [SFF], filed a Habeas Corpus petition form pursuant to 28 U.S.C. § 2241. The petition alleges that her federal sentence length was miscalculated because she was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, and this time she was in federal custody was to run against her federal sentence. On January 26, 2012, the Petitioner paid the requisite five dollar filing fee.

On February 8, 2012, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On March 21, 2012, the respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment and a supporting memorandum with an attached Declaration of Hector Solis. On March 22, 2012, the court issued a *Roseboro* notice; however, as of this date, the petitioner has not responded.

### II. FACTS

1

On October 8, 2009, Petitioner was arrested in Virginia for violating her probation. Specifically, the probation violation stemmed from her arrest for possession of a controlled substance. This led to federal charges for Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and a Mixture and Substance Containing Methamphetamine. On October 20, 2009, Petitioner was released to the United States Marshals Service [USMS] to appear in federal court on a Writ of Habeas Corpus *Ad Prosequendum*. Then, on January 19, 2010, Petitioner was sentenced by the Commonwealth of Virginia to a total term of three years and nine months for the probation violation, which involved possession of a controlled substance.

The petitioner was sentenced by the District Court for the Eastern District of Virginia to a 210 month term of imprisonment for Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and a Mixture and Substance Containing Methamphetamine, 21 U.S.C. § 846, on March 31, 2010. The petitioner was returned to state custody on May 4, 2010. Then, on July 26, 2010, the petitioner's remaining state sentence was suspended, and she was released to the USMS to serve her federal sentence.

The petitioner's original sentence computation was completed on August 5, 2010. This projected her release date as October 24, 2025; however, it was determined that the petitioner was entitled to 195 days of jail credit from October 21, 2009 through May 3, 2010 because this time was not credited against her state sentence. As of March 7, 2012, the petitioner's sentence computation includes this period, and her projected release date is April 12, 2025.

### III. CONTENTIONS OF THE PARTIES

**A.    The Petition**

In the § 2241 petition, Petitioner asserts that she should receive credit against her federal sentence for the time she spent in state custody on federal writ, while awaiting prosecution and sentencing for the federal offense. The petitioner alleges that she should be credited with 260 days towards her federal sentence.

**B.     The Response**

The Government argues that the petition should be dismissed because the petitioner was serving a state sentence during the time spent in federal custody via writ of habeas corpus *ad prosequendum*. The petitioner received credit for this time period against her state sentence. The respondent also moves for the petitioner's claim to be dismissed because the petitioner failed to exhaust her administrative remedies.

## IV. STANDARD OF REVIEW

**A.  Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555

(2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley,* 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir.2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States,* 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal,* where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. *See Blackledge v. Allison,* 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. *Maynard v. Dixon ,* 943 F.2d 407 (4th Cir. 1991). Pursuant to

4

Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.,* 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. *Anderson,* 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 1986).

## V. ANALYSIS

**1)   The Petitioner has not exhausted her administrative remedies; however, the undersigned will address the merits of the case.**

In response to the petition, the respondent argues that the petitioner has failed to exhaust her administrative remedies, and this alone allows for dismissal of the petitioner's claim. In the

Fourth Circuit, the administrative remedy process must be exhausted before an inmate may bring a civil action in federal court. *See U.S. v. Gaylor,* 828 F.2d 253 (4th Cir. 1987); *see also*, *Crosson v. State of South Carolina,* 16 F.3d 409 (4th Cir. 1994) (dismissing inmate's claim without prejudice for failure to exhaust administrative remedy process) (*citing Brown v. Smith,* 828 F.2d 1493, 1495 (10th Cir. 1987). Furthermore, the Fourth Circuit has indicated that an inmate can only bring a § 2241 petition in federal court if he or she has exhausted the administrative remedy process. *See U.S. v. Ramirez,* 835 F.2d 875 (4th Cir. 1987). The exhaustion requirement will only be relaxed if the defendant can show cause or prejudice. *See Carmona v. Bureau of Prisons,* 243 F.3d 629 (2d Cir. 2001).

Exhaustion is encouraged as it provides potential solutions to the inmate, allows some disputes to be settled outside of the courts, and it allows for fact-finding to occur before these matters reach the courts. The Supreme Court has favored a policy that supports administrative autonomy. *See McKart v. United States,* 395 U.S. 185 (1969).

The BOP has established an Administrative Remedy Process by which an inmate may have an issue with his or her confinement reviewed. An inmate may have his or her complaint reviewed informally. If this fails, the inmate may submit a written complaint within 20 days. 28 C.F.R. § 542.14(a). This written complaint is reviewed by the Warden. If the inmate remains unsatisfied, he or she may appeal the Warden's decision to the Regional Director within 20 days. 28 C.F.R. § 542.15(a). If the inmate is unsatisfied with the Regional Director's decision, then the inmate may appeal this decision to the Office of General Counsel within 30 days. An inmate must file his or her complaint at all levels in order to have exhausted his or her administrative remedies. 28 C.F.R. § 542.15(a).

6

In the instant case, the petitioner failed to exhaust her administrative remedies when challenging the calculation of her sentence. Despite this, exhaustion is not statutorily required for habeas corpus. Instead, exhaustion requirements in habeas corpus actions arising under § 2241 are merely judicially imposed. Therefore, the court has discretion to waive the exhaustion requirements. *See LaRue v. Adams,* 2006 WL 1674487 *8 (S.D. W.Va. June 12, 2006) (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

The court recognizes that the petitioner has failed to exhaust her available administrative remedies prior to filing this action; however, to dismiss this case for failure to exhaust at this point would be a waste of judicial time and resources. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

**2) The petitioner is not entitled to federal custody credit for the time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum.**

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). However, in some cases, a federal sentence may begin prior to the Attorney General gaining physical custody of the defendant. The BOP is statutorily granted the authority to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b). Based on this, in the event that a federal court orders its sentence to run concurrently with a previously imposed state sentence, the Bureau of Prisons

may designate a state facility as the place for the prisoner to serve his or her federal sentence. *See United States v. Evans,* 159 F.3d 908, 911-12 (4th Cir. 1998) (a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")

However, the fact that a state prisoner is in federal court on a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has commenced. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Id.* at 912. *See also Thomas v. Whalen,* 962 F.2d 358, 361 n.3 (4th Cir. 1992) ("A prisoner is not even in custody for the purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.")

The Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. *See United States v. Wilson,* 503 U.S. 329 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

(emphasis added).

In *Wilson*, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson,* 503 U.S. 329 at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. *See United States v. Brown,* 977 F.2d 574 (4th Cir.1992) (Defendant may receive credit against his federal sentence for time spent in official

detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden,* 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

In the instant case, the petitioner requests prior jail credits for time she spent in the custody of Virginia, while on federal writ *ad prosequendum*. However, the petitioner is only entitled to jail credit from October 21, 2009, through May 3, 2010 (195 days), because this time was not awarded against the petitioner's state sentence. The petitioner's federal sentence began when her state sentence was suspended, and she was released to the USMS to commence service of her federal sentence. Therefore, her federal sentence began on July 26, 2010. The period of time between May 4, 2010, and July 26, 2010, shall not be applied against her federal sentence because it was awarded as jail credit against her state sentence. The petitioner may not receive double-credit for this time.

### VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss; Motion for Summary Judgment (Doc. 14) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**. Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);*Thomas v.*

*Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: May 30, 2012

s/ *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE